USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 13, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JAMAL UDDIN, :
:
               Plaintiff, :
:
    - against - :
:
THE CITY OF NEW YORK, NEW YORK CITY :
HUMAN RESOURCES ADMINISTRATION, :   07 Civ. 1356 (PAC) (DF)
MARLENE BARTHELEMYGRANT, Dir. of :
Social Services, VERONICA HEDRINGTON, :   ORDER
Dir. of Social Services, ELAINE LEWIS, Dir. of :
Personnel, ERIC M. AMBROSE, Deputy Dir. HRA :
Labor Relations, DEBRA WEEKS, Informal :
Conference Holder, MICHAEL FITZPATRICK, :
Informal Conference Holder, AUDREY COOPER, :
Informal Conference Holder, CECILE NOEL, :
Deputy Commissioner, :
:
               Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Jamal Uddin ("Uddin") brings this action against Defendants City of New York (the "City"), the New York City Human Resources Administration ("HRA"), and a number of individual employees of the HRA (the "Individual Defendants"),[1] pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"); 42 U.S.C. § 1983; New York State Executive Law §§ 296-97; and Title 8 of the New York City Administrative Code. Uddin claims that Defendants discriminated against him on the basis of his gender and national origin and retaliated against him for making formal complaints about the alleged discrimination.

---

[1] The Individual Defendants are Marlene Barthelemy-Grant, Veronica Hedrington, Elaine Lewis, Eric M. Ambrose, Debra Weeks, Michael Fitzpatrick, Audrey Cooper, and Cecile Noel.

1

Defendants move for summary judgment. On July 6, 2009, Magistrate Judge Debra Freeman issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion. The Court has reviewed the R&R, as well as Uddin's timely objections. For the reasons that follow, the Court adopts Magistrate Judge Freeman's findings and recommendations, and Defendants' motion for summary judgment is GRANTED.

## BACKGROUND

**I.    Facts**[2]

From January 2004 until December 2007, Uddin, a male of Bangladeshi national origin, was employed at New Day, a domestic violence shelter run by the City. Uddin's position, which he held throughout his employment at New Day, was "Supervisor I." His supervisors, in turn, were Defendants Marlene Barthelemy-Grant ("Barthelemy-Grant") and Veronica Hedrington ("Hedrington"), both of whom are African-American women.

Uddin alleges that he was subjected to a host of discriminatory and retaliatory actions between 2005 and the end of his employment in 2007. Specifically, Uddin claims that: (1) during 2005, Barthelemy-Grant and Hedrington made inappropriate remarks about his appearance and mannerisms, denied him vacation time, and filed baseless disciplinary charges against him; (2) beginning in 2005, he was denied both "flex-time," which allows employees to make slight adjustments to their work hours, and promotions; (3) in March 2006, Barthelemy-Grant ordered him to leave the workplace when he was not on duty, and subsequently called the police when he refused to leave; (4) in August, October, and November 2006 and January 2007, he was subjected to additional disciplinary charges; (5) in October 2006, an Internet news article about domestic violence in India was posted on a workplace bulletin board at the direction of

---

[2] The facts in this section are taken from the R&R, which derived its factual recitation from the parties' statements of fact submitted pursuant to Local Rule 56.1. (See R&R at 2 n.2.)

2

Barthelemy-Grant; (6) beginning around November 2006, his supervisory duties were decreased and he was assigned duties beneath his level of experience and qualifications; and (7) in January 2007, his office was moved, he was occasionally forced to share the new office, and he was required to keep the new office unlocked.

## II.     Procedural History

Uddin filed a complaint with HRA's Equal Employment Opportunity Office ("EEO") on February 19, 2006, alleging discrimination on the basis of his gender and national origin. In March 2006, EEO concluded that Uddin had failed to establish a connection between the allegedly discriminatory actions and his gender or national origin.

On November 24, 2006, Uddin filed a charge of discrimination and retaliation on the basis of his gender and national origin with the Equal Employment Opportunity Commission ("EEOC"). The EEOC determined that Uddin had failed to show that the allegedly adverse employment actions were motivated by his gender or national origin. Nonetheless, it provided him with a right-to-sue letter.

Uddin commenced the present action on February 23, 2007. The case was assigned to this Court, which in turn referred it to Magistrate Judge Freeman for general pretrial. On April 15, 2008, after the close of discovery, Defendants moved for summary judgment.

## III.    Magistrate Judge Freeman's R&R

In her R&R dated July 6, 2009, Magistrate Judge Freeman presented a detailed review of the facts and a thorough analysis of the applicable law. She recommended that the Court grant Defendants' motion for summary judgment and dismiss Uddin's claims.

First, Magistrate Judge Freeman held that HRA was not an appropriate defendant for any of Uddin's claims because City agencies cannot be sued in their own capacity. (R&R at 17.)

She also noted that Uddin, in responding to Defendants' motion for summary judgment, indicated that he did not seek to hold the Individual Defendants liable under Title VII. (Id.)

Second, Magistrate Judge Freeman found that any of Uddin's Title VII claims based upon acts that occurred prior to January 28, 2006—i.e. more than 300 days before the filing of his EEOC charge on November 24, 2006—were barred by the statute of limitations. (Id. at 18-22.) Moreover, Uddin was not entitled to equitable tolling of the statute of limitations because he could not demonstrate any exceptional circumstances that would warrant such tolling; additionally, given that the present matter is the fourth Title VII claim he has filed in federal court, he was undoubtedly aware of the statute of limitations. (Id. at 21-22.)

Third, Magistrate Judge Freeman concluded that Defendants were entitled to summary judgment on Uddin's timely Title VII claims because Uddin failed to meet the requirements of the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). (Id. at 22-42.) Uddin's timely discrimination claims failed as a matter of law either because the allegedly discriminatory acts did not qualify as adverse employment actions or because Uddin could not show that Defendants acted with a discriminatory motive. (Id. at 25-35.) Uddin's timely retaliation claims failed because Uddin failed to demonstrate a causal connection between the allegedly retaliatory acts and his filing of the EEOC charge in November 2006. (Id. at 35-39.) Finally, Uddin's hostile work environment claims failed because the acts about which he complained were not sufficiently severe or pervasive. (Id. at 39-42.)

Fourth, Magistrate Judge Freeman recommended that the Court grant summary judgment on Uddin's Section 1983 claims. (Id. at 42-44.) She noted that Uddin evidently withdrew these claims in his response to Defendants' motion for summary judgment. (Id. at 42.) Consequently, Magistrate Judge Freeman recommended that the claims be dismissed with prejudice. (Id.) In

addition, Magistrate Judge Freeman considered Uddin's Section 1983 claims on the merits and determined that they failed as a matter of law because Uddin failed to make out a violation of any constitutional right. (Id. at 43-44.)

Finally, Magistrate Judge Freeman recommended that if the Court granted summary judgment on Uddin's Title VII and Section 1983 claims, it should decline to exercise supplemental jurisdiction over Uddin's pendent state law claims. (Id. at 44-45.) Because these claims are not entirely coextensive with the federal law claims, Magistrate Judge Freeman recommended that they be dismissed without prejudice to Uddin's pursuing them in state court. (Id. at 45.)

## DISCUSSION

### IV.  Standard of Review for a Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections…the Court will review the Report strictly for clear error….Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

### V.     Uddin's Objections

The Court has reviewed Uddin's timely objections to the R&R and finds them without merit.  Consequently, the Court adopts Magistrate Judge Freeman's R&R in its entirety.

Uddin attempts to retract his withdrawal of his Section 1983 claims.  He contends that "[i]t does not make any sense and it also does not logically fit as to why any claim be withdrawn against any defendant under 42 U.S.C. § 1983.  This is the basis of this complaint and they should be held liable for their unlawful action." (Plaintiff's Objection to Recommendation & Report ("Objections") at 1.)  Even if the Court were inclined to allow Uddin to retreat from his previous withdrawal of his Section 1983 claims, which it is not, Defendants would still be entitled to summary judgment on these claims for the reasons explained in the R&R.  (R&R at 42-44.)  Uddin presents no factual or legal arguments to challenge the R&R's sound conclusion that Uddin has failed to demonstrate a violation of any constitutional right.  (Id. at 43-44.)

The bulk of Uddin's Objections consist of a "Statement of Facts" and a "Clarification of a few statements on Recommendation and Report." (Objections at 1-10.)  The "objections" contained in these sections are neither specific nor clearly aimed at any of Magistrate Judge Freeman's particular findings.  Instead, they consist of arguments that Uddin raised in his previous submissions and new factual allegations that are inconsequential to the disposition of this matter.

Finally, Uddin provides what appears to be a response to Defendants' Local Rule 56.1 statements of fact.  (Objections at 10-15.)  Such a submission is inappropriate at this time and, in any event, does not offer any clear and specific objections to Magistrate Judge Freeman's findings of fact and conclusions of law.  Uddin previously submitted a Rule 56.1 statement,

which Magistrate Judge Freeman took great care to review when making her recommendations. (See R&R at 16-17.)

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and Uddin's Complaint is DISMISSED. The Clerk of the Court is directed to close this matter.

Dated: New York, New York
August /3, 2009

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies To:   Honorable Debra Freeman
United States Magistrate Judge

Jamal Uddin
217 Dahlgren Place
Brooklyn, NY 11228

Christopher Aaron Seacord
Kevin A. Madden
New York City Law Department
100 Church Street
New York, NY 10007